DAVID A. HENNINGS, APPELLEE, V. THERESA M. HENNINGS, APPELLANT.

446 N.W.2d 221

Filed September 29, 1989.    No. 88-842.

Michael L. Getty for appellant.

David A. Hennings, pro se.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an appeal in a proceeding for dissolution of a marriage. The trial court dissolved the marriage; divided the property of the parties; awarded custody of four of the parties' minor children to the petitioner husband and retained custody of the fifth child in the court, but awarded physical possession to the petitioner; awarded child support to the petitioner in the amount of $95 per month per child; and ordered the petitioner to pay $26,486.64 of the parties' debts. Later, the child support was reduced to $40 per month per child.

The respondent wife has appealed and contends that the trial court erred in awarding custody of the children and child support to the petitioner, in failing to award alimony to the respondent, and in awarding only personal property to the respondent.

The record shows that the respondent failed to keep a suitable home for the children or prepare adequate meals for them. It fully supports the award of custody to the petitioner.

The only real estate owned by the parties was the family residence and a farm the petitioner was purchasing from his family.

The trial court awarded the family residence to the petitioner. The equity in that property is approximately $17,500. Since the petitioner has custody of the children, it is appropriate that he have the property so that he can maintain a home for them.

The indebtedness on the farm far exceeds its value.

The record shows that the petitioner is employed as a salesman, with net earnings of approximately $2,700 per month. The respondent was employed at a Burger King restaurant, earning approximately $542 take-home pay per month.

The petitioner's income is adequate to pay the indebtedness on the residence property, support the children, and pay the other expenses and indebtedness, including the cost of the housekeeper and governess for the children, but will not support an award of alimony.

In view of the limited earning capacity of the respondent and the award of no alimony, we believe the decree should be modified to eliminate the award of child support to the petitioner.

Each party shall pay his or her own attorney fees. Costs in this court are taxed to the petitioner.

The judgment of the district court, as modified, is affirmed.

AFFIRMED AS MODIFIED.